IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| KEVIN JOHNSON, | : | |
| --- | --- | --- |
| | : | |
| Petitioner, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 18-1578 |
| LAWRENCE MAHALLY, et al., | : | |
| | : | |
| Respondents. | : | |

**MEMORANDUM**

**Tucker, J.**                                                                                                               **March 20, 2019**

Currently before the Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition") (Doc. 1), Respondents' Answer to the Petition ("Answer") (Doc. 7), the Report and Recommendation of United States Chief Magistrate Judge Linda K. Caracappa ("Report and Recommendation") (Doc. 9), and Respondents' Objection to the Report and Recommendation ("Respondents' Objection") (Doc. 11). Upon careful and independent consideration of the Petition, Respondents' Answer, the Report and Recommendation, and Respondents' Objection, Petitioner's Petition is DENIED.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On September 30, 2011, Petitioner was arrested by police during an investigation into suspected drug sales. Resp. to Habeas Pet., App'x at A17 (Police Criminal Compl.), Doc. 7. Petitioner was later charged with the following Counts: (I) delivery of a controlled substance; (II) possession with intent to deliver a controlled substance; and (III) possession of a controlled substance. Resp. to Habeas Pet., App'x at A22 (Criminal Information), Doc. 7. On June 19, 2012, the jury returned a verdict of guilty on all counts and on July 20, 2012, a sentencing hearing was held in which the judge found that the Commonwealth had proven beyond a

1

reasonable doubt that the crime occurred within 1000 feet of a school zone, thus triggering the mandatory minimum sentencing provision of 18 Pa. C.S.A. § 6317.[1] Resp. to Habeas Pet., App'x at A70 (Sentencing Hr'g Tr.), Doc. 7. The judge sentenced Petitioner to a term of ten (10) to twenty (20) years imprisonment.[2] Resp. to Habeas Pet., App'x at A71 (Sentencing Hr'g Tr.), Doc. 7.

Petitioner appealed his conviction, and the Superior Court of Pennsylvania affirmed the lower court's judgment of sentence on December 3, 2013. *Commonwealth v. Johnson*, 93 A.3d 497 (Pa. Super. Ct. 2013) (Table). Petitioner then filed a Petition for Allowance of Appeal in the Supreme Court of Pennsylvania, raising a challenge to the legality of his sentence under the United States Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013). *See* Resp. to Habeas Pet., App'x at A154–81 (Petition for Allowance of Appeal), Doc. 7. On June 13, 2014, the Supreme Court of Pennsylvania granted the petition, but limited review to Petitioner's *Alleyne* claim. *Commonwealth v. Johnson*, 93 A.3d 806 (Pa. 2014). Nevertheless, on December 24, 2014, the Supreme Court of Pennsylvania denied Petitioner's appeal "as having been improvidently granted." *Commonwealth v. Johnson*, 106 A.3d 678 (Pa. 2014).

After completing his direct appeal, on August 17, 2015, Petitioner field a timely *pro se* petition for post-conviction relief under the Post-Conviction Relief Act ("PCRA"), 42 Pa. C.S. § 9541., *et seq*. *See* Resp. to Habeas Pet., App'x at A271–88 (Petition for Post-Conviction Collateral Relief), Doc. 7. PCRA counsel was appointed, but on April 10, 2017, PCRA counsel filed a no-merit letter, requesting leave of court to withdraw as counsel pursuant to

---

[1] Imposes a mandatory minimum sentence of two years total confinement upon a defendant for a conviction if a delivery or possession with intent to deliver a controlled substance occurs within 1,000 feet of a school.
[2] Counts II and III merged with Count I for sentencing purposes.

*Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. Ct. 1988) and *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988). *See* Resp. to Habeas Pet., App'x at A303–28 (No-Merit Letter Pursuant to Finley and Turner Requesting Leave of Court to Withdraw as Counsel), Doc. 7. On July 24, 2017, the PCRA court filed notice of intent to dismiss pursuant to Pa. R. Crim. Proc. 907 and dismissed the petition on August 22, 2017. *See* Resp. to Habeas Pet., App'x at A333–44 (Notice of Intention to Dismiss); A345–56 (Order Dismissing Pet. for Post-Conviction Collateral Relief), Doc 7. On September 25, 2017, Petitioner filed a notice of appeal to the Superior Court of Pennsylvania, which was dismissed on January 18, 2018. Resp. to Habeas Pet., App'x at A360–68 (Notice of Appeal, Order Dismissing Appeal).

On April 8, 2018,[3] Petitioner filed the instant *pro se* petition for Writ of Habeas Corpus. Doc. 1. Petitioner's claim for habeas relief is premised on his alleged illegal confinement in violation of the Sixth Amendment pursuant to *Alleyne v. United States*, 570 U.S. 99 (2013). Habeas Pet. 5, Doc. 1.

## II. FEDERAL HABEAS REVIEW

On habeas review, a federal court must determine whether the state court's adjudication of the claims raised were: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). In conducting this review, federal courts "give a liberal construction to pro se habeas petitions." *U.S. ex rel. Montgomery v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969); *see also Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("A habeas corpus

---

[3] Under the "mailbox rule," a pro se prisoner's habeas petition is considered filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk." *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

petition prepared by a prisoner without legal assistance may not be skillfully drawn and should thus be read generously.").

A district judge may refer an application for a writ of habeas corpus to a United States magistrate judge for a report and recommendation. *See* Rules Governing § 2254 Cases, R. 10. ("A magistrate judge may perform the duties of a district judge under these rules, as authorized under 28 U.S.C. § 636."). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

Petitioner argues that the trial court committed an *Alleyne* error by not submitting to the jury the question of whether Petitioner possessed with the intent to deliver cocaine within 1,000 feet of a school. A prisoner challenging his conviction on direct review is entitled to the benefit of any new rules of criminal procedure announced before his conviction becomes final. *Teague v. Lane*, 489 U.S. 288 (1989). A "new rule" is one that "breaks new ground or imposes a new obligation on the States or the Federal Government." *Teague*, 489 U.S. at 301. Here, Petitioner's direct appeal was pending when the Supreme Court decided *Alleyne*. Because Petitioner's conviction was not finalized, *Alleyne* applies to Petitioner's case.

In *Alleyne*, the Supreme Court held that "any fact that increases the mandatory minimum" sentence under a criminal statute is an element of the crime "that must be submitted to the jury." *Alleyne*, 570 U.S. at 114–16. The Court extended the logic from *Apprendi v. New Jersey* to encompass those facts that increase the statutory minimum. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). In so doing, the Court overruled *Harris v. United*

*States*, 536 U.S. 545 (2002), which had held that *Apprendi* did not apply to facts that increased the mandatory minimum—only the maximum. *Harris*, 536 U.S. at 567–69; *Alleyne*, 570 U.S. at 116 (stating that *Harris* was inconsistent with *Apprendi* as "there is no basis in principle or logic to distinguish facts that raise the maximum from those that increase the minimum.").

In consideration of *Alleyne*, the Supreme Court of Pennsylvania declared 18 Pa. C.S.A. § 6317 unconstitutional in *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015) because it allowed a judge to impose a mandatory minimum for conviction of drug offenses based on her or his own finding at sentencing that the offense occurred within 1,000 feet of a school. *Id.* at 259–60. Therefore, in this case, the sentencing judge's determination that Petitioner violated 18 Pa. C.S.A. § 6317, triggering a two-year mandatory minimum, was in violation of *Alleyne*.

### A. Procedural Default Rule

The procedural default rule precludes federal review of a state court's habeas decision when the state court's ruling was based on adequate and independent state law, or when the petitioner fails to exhaust his state remedies by neglecting to raise the issue on appeal. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991), *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). Federal courts presume the absence of an adequate and independent state ground when the state court decision "appears to rest primarily on federal law, or [] [is] interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion." *Harris v. Reed*, 489 U.S. 255, 272 (1989).

To satisfy the exhaustion requirement, a petitioner must invoke "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Petitioner must demonstrate that "the claim he asserts in federal court has been 'fairly presented' to the state courts" and that the "[claim] raised in federal court [is the] . . . 'substantial

equivalent' of that presented to the state courts." *Santana v. Fenton*, 685 F.2d 71, 74 (3d Cir. 1982). If state remedies remain, the claim is deemed unexhausted and the federal court should dismiss without prejudice to allow the state court an opportunity to consider the claim. *Toulson v. Beyer*, 987 F.2d 984, 989 (3d Cir. 1993). Nonetheless, "[i]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims." *Coleman*, 501 U.S. at 735 n.1.

To overcome procedurally defaulted claims, a prisoner must demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law" or that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

### *i. Petitioner's Alleyne Claim Is Not Procedurally Defaulted*

Petitioner's *Alleyne* claim is not procedurally defaulted. Petitioner appealed his conviction, and the Superior Court of Pennsylvania affirmed the lower court's judgment of sentence on December 3, 2013. *Johnson*, 93 A.3d at 497. Subsequently, in his Petition for Allowance of Appeal to the Supreme Court of Pennsylvania, Petitioner raised the instant *Alleyne* claim. *See* Resp. to Habeas Pet., App'x at A154–81 (Petition for Allowance of Appeal), Doc. 7. After initially granting allocator to review the *Alleyne* claim, the Pennsylvania Supreme Court denied the appeal as improvidently granted on December 24, 2014. *Johnson*, 106 A.3d at 678.

After completing his direct appeal, Petitioner then filed a PCRA petition, raising the instant *Alleyne* claim. *See* Resp. to Habeas Pet., App'x at A271–88 (Petition for Post-Conviction Collateral Relief), Doc. 7. On July 24, 2017, the PCRA court filed a notice of intent to dismiss

and on August 22, 2017, the PCRA court dismissed the petition, stating that the matter "had already been previously litigated." *See* Resp. to Habeas Pet., App'x at A333–44 (Notice of Intention to Dismiss); App'x at A345–56 (Opinion in Disposition of Defendant's Post-Conviction Collateral Relief Act Petition), Doc 7. The PCRA court further explained that "[w]hen the Pennsylvania Supreme Court dismissed this matter they duly considered whether [Petitioner's] sentence was suspect under *Alleyne* and decided it was not. The matter was not remanded. The Court lacks the authority to disregard this decision regardless of the merits of [Petitioner's] averments." *See* Resp. to Habeas Pet., App'x at A355 (Opinion in Disposition of Defendant's Post-Conviction Collateral Relief Act Petition), Doc 7. On September 25, 2017, Petitioner filed a notice of appeal to the Superior Court of Pennsylvania, which was dismissed on January 18, 2018 for failure to file a brief. Resp. to Habeas Pet., App'x at A360–68 (Notice of Appeal, Order Dismissing Appeal).

Respondents argue that Petitioner's *Alleyne* claim is procedurally defaulted because "no state appellate court has reached the merits of Petitioner's *Alleyne* claim." Resp. to Habeas Pet. 6, Doc. 7. Respondents explain that this is so because the Supreme Court of Pennsylvania denied the Petition for Allowance of Appeal and the PCRA court declined to review the merits of Petitioner's *Alleyne* claim, finding it "previously litigated." Resp. to Habeas Pet. 6, Doc. 7. The Court disagrees.

As explained in *Williams v. Brooks*, 435 F. Supp. 2d 410 (E.D. Pa. 2006):

> A finding that a PCRA claim is 'previously litigated' carries no implication of procedural error on the petitioner's part. It solely indicates that the petitioner had previously raised the claim, and lost. Therefore, unlike genuine procedural requirements, such as statutes of limitations or rules governing waiver, the 'previously litigated' rule is not one that a petitioner can somehow obey in order to obtain PCRA review of his claim . . . . Because the 'previously litigated'

7

> rule is not a procedural requirement, it does not trigger the procedural default doctrine on habeas review.

*Williams*, 435 F. Supp. 2d at 422 (internal citation omitted); *see also Du Pont v. Stowitzky*, Civ. No. 06-147, 2008 WL 4283356, at *8–9 (E.D. Pa. 2008). Accordingly, Petitioner has not defaulted on his *Alleyne* claim as the PCRA court had the opportunity to address Petitioner's claim but declined to do so.

### B. *Alleyne* Error

#### i. *Petitioner's Alleyne Error was a Sentencing Error*

When analyzing an *Alleyne* error, a court must first "address . . . whether the error was a sentencing error or a trial error." *United States v. Lewis*, 802 F.3d 449, 453 (3d Cir. 2015). A sentencing error occurs when a defendant is charged with and convicted of one crime but sentenced for another. *Lewis*, 802 F.3d at 455 at n.6 (finding that a sentencing error occurred because "the defendant was sentenced for a crime for which he was neither indicted nor tried."). Conversely, a trial error occurs when a "defendant is charged with, convicted of, and sentenced for a crime, but one of the elements of that crime is not submitted to the jury." *United States v. Johnson*, 899 F.3d 191, 198 (3d Cir. 2018). Both types of *Alleyne* errors—sentencing and trial errors—are subject to harmless-error review, though the standard of review differs for each. *Lewis*, 802 F.3d at 456. "Harmless-error review for a sentencing error turns on whether the error did or did not 'contribute to the [sentence] obtained.'" *Id.* Conversely, harmless-error review for a trial error "turns on whether it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the errors." *Id.* (internal citations omitted) (internal quotations omitted).

Here, the *Alleyne* error is a sentencing error. Petitioner was charged with and convicted of 35 Pa. Stat. Ann. § 780-113(a)(30);[4] however, at the sentencing hearing, the judge found that the enhanced penalty under 18 Pa. C.S.A. § 6317 applied and sentenced Petitioner accordingly. Because Petitioner was charged with and convicted of one crime but was subject to a sentencing enhancement provision pursuant to 18 Pa. C.S.A. § 6317, a sentencing error occurred under *Alleyne*. Accordingly, the Court will review Petitioner's claim under the harmless-error analysis for sentencing errors.

### ii. *Petitioner's Alleyne Error was Harmless*

In applying harmless-error review, the Court must decide whether the *Alleyne* error contributed to Petitioner's sentence. The Court concludes that it did not. Petitioner was sentenced to a minimum term of ten years (10)—five times the two-year mandatory minimum under 18 Pa. C.S.A. § 6317. In reaching this determination, the sentencing judge referenced the school zone mandatory, but further highlighted Petitioner's lengthy criminal history, stating:

> The [Petitioner's] prior record is an extremely bad one because it evidences not only numerous drug offenses, including four prior felony deliveries or possessions with intent to deliver, but it also shows that . . . he also committed a robbery which was graded as a felony of the first degree, and that [Petitioner] received probation for that offense as well as for a manufacturing or delivery of drugs conviction . . . . [De]spite the fact that [Petitioner] was given an extraordinary lenient sentence of probation, that he apparently violated, [it] was revoked and [he] was then sentenced to 2 to 4 years in prison.
> [Petitioner's] record . . . reflects additional incarcerations including . . . a 2003 offense in which [Petitioner] was sentenced to 5 to 15 years in prison. It's abundantly clear that this offense was committed while the defendant was out on parole from that particular charge, and so it is deceptive to look at this record and say, oh, well, all these years went by and he committed no more crimes. Well it's mostly because he was in jail during these periods

---

[4] Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver.

9

> of time. He has not done well under supervision as is evidenced on the face of the record here.
>
> In addition to the robbery charge in 1991, there's a firearms charge . . . in which [Petitioner] was incarcerated. [Petitioner] has apparently learned no lessons here. This is his 5th conviction for serious drug felonies.
>
> . . . It appears that there have been many efforts to try to rehabilitate [Petitioner], all of which have ended in failure . . . . Part of my responsibility here is to ensure to the extent that I can, the safety of the community, and I take that responsibility seriously, and given [Petitioner's] numerous serious offenses, it appears to me that there is only one way to protect the community from further crimes by [Petitioner] [which] is to ensure that he is locked up somewhere where he cannot commit them.

Resp. to Habeas Pet., App'x at A73–74 (Sentencing Hr'g Tr.), Doc. 7. Given the strong emphasis on Petitioner's prior criminal record; the failed attempts at rehabilitation; and the safety of the community, combined with the fact that the sentence imposed was five times greater than the mandatory minimum, it is apparent that the sentencing judge would have sentenced Petitioner to a term of ten (10) to twenty (20) years imprisonment irrespective of the two-year mandatory minimum under 18 Pa. C.S.A. § 6317. Accordingly, the Court finds that the *Alleyne* error was harmless.

### C. Certificate of Appealability

In denying Petitioner's Petition, the Court must also determine whether to issue a certificate of appealability. A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004) (internal citation omitted).

Because Petitioner has not made a substantial showing of the denial of his constitutional rights, the Court declines to issue a certificate of appealability in this case.

## IV. CONCLUSION

For the foregoing reasons, the Court will REJECT the Report and Recommendation and DENY the Petition. The Court DECLINES to issue a certificate of appealability. An appropriate order follows.